## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAY JIAN-QING WANG<br>428 Denal Way<br>Vestal, NY 13850<br><br>        Plaintiff,<br><br>        v.<br><br><br>MARY ANN SWAIN,<br>966 Jewett Hill Road<br>Apalachin, NY 13732<br><br>ERIC J. COTTS,<br>67 Hogan Road<br>Vestal, NY 13850<br><br>ROBERT L. POMPI,<br>66 Grand Boulevard<br>Binghamton, NY 13905<br><br>M. STANLEY WHITTINGHAM,<br>396 Meeker Road<br>Vestal, NY 13850<br><br>JEAN-PIERRE MILEUR,<br>2605 Dartmouth Drive<br>Vestal, NY 13850<br><br>        and<br><br>PAUL C. PARKER<br>455 Plaza Drive<br>Vestal, NY 13850<br><br>        Defendants. | Civil Action<br><br>No. _3:09-CV-306_<br>      TJM/DEP<br><br>Demand Jury Trial<br><br> |

## CIVIL ACTION COMPLAINT

AND NOW comes Plaintiff, Jay Jian-Qing Wang, by and through his undersigned counsel, and files this Civil Action Complaint, averring as follows:

### I.    Introduction

1.    Plaintiff, Jian-Qing Wang (hereinafter "Plaintiff") initiates this Complaint to seek redress against Defendants, his former employers, for unlawful race and national origin discrimination, in violation of 42 U.S.C. §§ 1983 and 1985.

### II.    The Parties

2.    Plaintiff is Jay Jian-Qing Wang, an adult individual currently residing at the above address.

3.    Defendant Mary Ann Swain is an adult individual currently residing at the above address.

4.    Defendant Mary Ann Swain is the Provost and Vice President for Academic Affairs at SUNY Binghamton

5.    Defendant Eric J. Cotts is an adult individual currently residing at the above address.

6.    Defendant Eric J. Cotts is Chair of the Department of the Physics Department at SUNY Binghamton

7.    Defendant Robert L. Pompli is an adult individual currently residing at the above address.

8.    Defendant Robert L. Pompli is the IPC Chair and UPC member at SUNY Binghamton.

9.    Defendant M. Stanley Whittingham is an adult individual currently residing at the above address.

10.     Defendant M. Stanley Whittingham is the Director of Materials Science and Engineering at SUNY Binghamton.

11.     Defendant Jean-Pierre Mileur is an adult individual currently residing at the above address.

12.     Defendant Jean-Pierre Mileur is a former College Dean at SUNY Binghamton.

13.     Defendant Paul C. Parker is an adult individual currently residing at the above address.

14.     Defendant Paul C. Parker is the Associate Vice President for Research Administration at SUNY Binghamton.

### III.     Jurisdiction and Venue

15.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

16.     The Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

17.     The United States District Court for the Northern District of New York may maintain original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

18.     Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in

this judicial district (Plaintiff was employed in the Northern District of New York at the time of the unlawful actions set forth herein).

### IV.      Factual Background

19.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

20.     Plaintiff is a forty-eight year old, Chinese male.

21.     In 1991, Plaintiff was awarded a Ph.D. in Condensed Matter Physics from the University of Science and Technology of China.

22.     Plaintiff was hired by SUNY Binghamton in September 2001 as an Assistant Professor of Physics.

23.     Plaintiff has written or co-written at least seventy peer-reviewed articles on physics-related topics.

24.     On or about May 18, 2004, Plaintiff was granted a three-year extension to his teaching contract, effective September 1, 2004, with a glowing support letter by Defendant Jean-Pierre Mileur

25.     Plaintiff was up for tenure consideration for September 1, 2007.

26.     Plaintiff submitted all necessary documentation to SUNY Binghamton prior to any decision being made on his tenure.

27.     On or about March 16, 2007, Plaintiff was informed that he had been denied tenure and that his teaching contract with SUNY Binghamton not going to be renewed.

28.     At the same time that Plaintiff was denied tenure, SUNY Binghamton hired and granted tenure to a younger, Caucasian, American-born professor with significantly inferior qualifications in the same department.

29.     All Defendants were involved in the decision to deny Plaintiff tenure.

30.     All Defendants entered into a civil conspiracy to deprive Plaintiff of a tenure position on the basis of Plaintiff's race and national origin.

31.     All Defendants were involved in depriving Plaintiff's civil service right by denying his due review process, by misrepresentation, falsification, fabrication, coercion, and by applying arbitrary standards;

32.     Following this action, Plaintiff filed a complaint with the EEOC, alleging race, national origin, and age discrimination.

33.     After Plaintiff filed his charge of discrimination with the EEOC, Plaintiff has been subjected to a pattern of retaliation, including but not limited to:

      a.  Defendants failed to deliver Plaintiff's paycheck in a timely manner;

      b.  Defendants failed to protect and flooded Plaintiff's e-mail account with unwanted e-mails;

      c.  Defendants have failed to approve Plaintiff's proposals;

      d.  Defendants have given Plaintiff unfavorable teaching assignments;

      e.  Defendants have given Plaintiff verbal abuses and threats;

      f.  Defendants have denied Plaintiff attending departmental meetings;

      g.  Plaintiff's employment with SUNY Binghamton was terminated early;

      h.  Plaintiff has been escorted off campus by police;

      i.  Plaintiff has been denied his access and retrieval of his personal properties; and

      j.  Defendants distribute unfavorable and false information about the Plaintiff.

## Count I
### 42 U.S.C. § 1981

34.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

35.    At all times relevant herein, Plaintiff maintained or sought to maintain a contractual relationship with SUNY Binghamton.

36.    At all times relevant herein, Defendants acted to intentionally discriminate against Plaintiff as a result of his race (Asian) and national origin (Chinese) and thereby deny him the benefits of the contractual relationship he had entered or sought to enter with SUNY Binghamton.

37.    Defendants further retaliated against Plaintiff as a result of his opposition to the discrimination.

38.    As a result of Defendants' unlawful discrimination and retaliation, Plaintiff has suffered damages as set forth herein.

*WHEREFORE*, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra*.

### Count II
### 42 U.S.C. 1983

39.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

40.    Plaintiff was arbitrarily and capriciously denied tenure.

41.    Plaintiff had a property right in continued government employment.

42.    Defendants deliberately interfered in Plaintiff's employment with SUNY Binghamton based on Plaintiff's race, national origin, and age.

43.    Plaintiff was denied due process as required under the 14th Amendment of the United States Constitution.

44.     Plaintiff was deprived of his property interest in working as a tenured professor for the State University of New York - Binghamton without due process, in violation of the 14th Amendment.

45.     Plaintiff had and continues to have a specific property interest in being employed with the State University of New York - Binghamton.

46.     Plaintiff was deprived of his aforesaid property interest because he was denied tenure and effectively terminated from government employment without basis or justification.

47.     Defendants acted under color of state law to deny Plaintiff tenure and continued employment based upon Plaintiff's race and national origin.

48.     As a direct, actual and proximate cause of Defendants' actions, Plaintiff is now and will continue to be deprived of legitimate property rights and interests in his tenure and continue employment as guaranteed him under the 14th Amendment of the United States Constitution.

49.     In denying Plaintiff tenure and effectively terminating his employment, Defendants made false statements about Plaintiff's qualifications and experience as a professor, sufficient to satisfy the "stigma-plus" test.

50.     As a result of the foregoing acts and/or omissions, Plaintiff has suffered and continues to suffer substantial pecuniary loss, humiliation and embarrassment, desired and/or suitable employment, and additional losses, as discussed *infra*.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra*.

### Count III
### 42 U.S.C. § 1985

45.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

46.     The foregoing conduct by Defendants constitutes a civil conspiracy to deprive Plaintiff of his employment with SUNY Binghamton because of Plaintiff's race and national origin.

47.     As a result of the foregoing acts and/or omissions, Plaintiff has suffered and continues to suffer substantial pecuniary loss, humiliation and embarrassment, desired and/or suitable employment, and additional losses, as discussed *infra*.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra*.

### *Ad Damnum*/Prayer for Relief

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendants and that it enter an Order as follows:

a.  Defendants are to be permanently enjoined retaliating against Plaintiff on any basis prohibited under applicable federal and state law;

b.  Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom of discriminating against employees based upon their race, national origin, age, or any other basis prohibited by federal or state law, and are to be ordered to promulgate an effective policy against such retaliation and to adhere thereto;

c.  Defendants are to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.  Plaintiff should be accorded those benefits

illegally withheld from the date he first suffered discrimination at the hands of Defendants until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendants' actions;

e. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct, and to deter Defendants or any other employers from engaging in such misconduct in the future;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i. Defendants are to be subjected to an injunction to or any other legal or equitable relief required to ensure it does not engage (or ceases engaging) in unlawful retaliation against Plaintiff or potential witnesses in the aforesaid action.

Respectfully submitted,

By: _____

Jay Jian-Qing Wang
*Pro Se*

March 13, 2009